IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 9 2011

GREGORY C. LANGHAM
CLERK

Civil Action No.  11-cv-01028-BNB

ANDREW MARK LAMAR,

        Applicant,

v.

SUSAN JONES, Warden, Colorado State Penitentiary, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

        Respondents.

_____

ORDER TO FILE SECOND PRE-ANSWER RESPONSE

_____

        On July 21, 2011, Mr. Lamar filed a Motion to Amend.  Doc. No. 12.  In the

Motion, Mr. Lamar requests leave to amend Claim Two and add Claims Three and Four

to the Application.  He includes the amended claim and the additional claims in the

Motion.  As part of the preliminary consideration of the new claims, the Court has

determined that a limited Second Pre-Answer Response is appropriate.

        Respondents are directed pursuant to Rule 4 of the Rules Governing Section

2254 Cases in the United States District Courts and to *Denson v. Abbott*, 554 F.Supp.

2d 1206 (D. Colo. 2008), to file a Second Pre-Answer Response limited to addressing

the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of

state court remedies under 28 U.S.C. § 2254(b)(1)(A).  If Respondents do not intend to

raise either of these affirmative defenses, they must notify the Court of that decision in

the Second Pre-Answer Response.  Respondents may not file a dispositive motion as

their Second Pre-Answer Response, or an Answer, or otherwise address the merits of

the claims in response to this Order.

In support of the Second Pre-Answer Response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Mr. Lamar has exhausted state court remedies.

Mr. Lamar may reply to the Pre-Answer Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies. Mr. Lamar also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court. Accordingly, it is

ORDERED that **within twenty-one days from the date of this Order** Respondents shall file a Second Pre-Answer Response that complies with this Order. It is

FURTHER ORDERED that **within twenty-one days of the filing of the Second Pre-Answer Response** Mr. Lamar may file a Second Reply, if he desires. It is

FURTHER ORDERED that if Respondents do not intend to raise the affirmative defense of exhaustion of administrative remedies, Respondents must notify the Court of that decision in the Second Pre-Answer Response. It is

FURTHER ORDERED that the Court will refrain from deciding Mr. Lamar's Motion to Amend, Document No. 12, until review of the Second Pre-Answer Response and Second Reply is complete.

DATED July 29, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  11-cv-01028-BNB

Andrew Mark Lamar
Prisoner No.  113997
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215

Susan Eileen Friedman
Colorado Attorney General's Office
***DELIVERED ELECTRONICALLY***

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on July 29, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk